UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| GMO FREE USA d/b/a TOXIN FREE USA, P.O. Box 458, Unionville, CT 06085,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BURT'S BEES, INC., 210 West Pettigrew Street, Durham, NC 27701, and THE CLOROX COMPANY, 1221 Broadway, Oakland, CA 94612,<br><br>　　　　Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

Burt's Bees, Inc. and The Clorox Company ("Defendants") hereby remove this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. Removal is proper under 28 U.S.C. § 1332(a), which provides that federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and the parties are from different domiciles. Venue is proper under 28 U.S.C. § 1441(a) because this action was filed in the Superior Court of the District of Columbia, which is coextensive with the District to which this case has been removed.

### FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS

1. Plaintiff GMO Free USA d/b/a TOXIN FREE USA ("Plaintiff") filed this action in the Superior Court of the District of Columbia on April 1, 2022. *See* Ex. A ("Compl."). Defendants acknowledged receipt of the Summons and Complaint on April 19, 2022. *See* Ex. B,

C.  Pursuant to 28 U.S.C § 1446(a), a true and correct copy of the remainder of the Superior Court case file (including all documents other than the Complaint and the Acknowledgments of Service) is attached as Exhibit D and incorporated by reference herein.

2. According to the Complaint, Defendants are cosmetic and personal care companies that market and sell Burt's Bees cosmetic products, including Nourishing Mascara, All Aflutter Multi-Benefit Mascara, Blush Makeup, and Lip Balm (the "Products") throughout the United States.  Compl. at 1 & ¶¶ 7, 79-82.

3. Plaintiff challenges a number of representations that allegedly appear in online advertisements and on Product packaging, including "100% Natural," "100% Natural Origin," and "responsible sourcing."  *Id.* ¶ 23.  Plaintiff contends that these representations are misleading because the Products are "likely made" with chemicals like per- and polyfluoroalkyl substances ("PFAS"), and one of them (Lip Balm) allegedly contains trace amounts of synthetic biocides.  *Id.* ¶¶ 11, 34, 47.

4. Based on these allegations, Plaintiff claims that Defendants' marketing and sale of the Products violates Section 28-3904 of the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901 *et seq.*  *See* Compl. ¶¶ 89-90.

5. Plaintiff purports to bring this action "on behalf of itself and the general public" pursuant to D.C. Code Sections 28-3905(k)(1)(C) and (D). Compl. ¶¶ 18-20; *see also id.* ¶ 85 ("[Plaintiff] . . . brings these claims in its individual and representative capacities, on its own behalf, and on behalf of the general public of D.C. consumers."); D.C. Code § 28-3905(k)(1)(C) ("A nonprofit organization may, on behalf of itself or any of its members, or on any such behalf and on behalf of the general public, bring an action seeking relief from the use of a trade practice in violation of a law of the District…"); *id.* § 28-3905(k)(1)(D) ("a public interest organization

may, on behalf of the interests of a consumer or a class of consumers, bring an action seeking relief from the use by any person of a trade practice in violation of a law of the District…")

6. Plaintiff seeks a variety of remedies under the CPPA, including a declaration that Defendants' conduct violates the CPPA, an order "enjoining Defendants' conduct found to be in violation of the CPPA," and an order "granting Plaintiff costs and disbursements, including reasonable attorneys' fees and expert fees, and prejudgment interest at the maximum rate allowable by law." Compl. at 20-21 (Prayer for Relief).

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(a)

7. 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and the parties are completely diverse. Removal is proper here, as the parties are completely diverse and the amount at issue exceeds $75,000.

### The Parties Are Completely Diverse

8. Plaintiff is a Connecticut corporation headquartered in Connecticut. *See* Ex. E (Connecticut State Website); Compl. at 1. Defendants are both Delaware corporations headquartered in Oakland, California. Ex. F (California Secretary of State Website); Ex. G (North Carolina Secretary of State Website).[1]

9. Accordingly, this action satisfies the diversity of citizenship requirement because Plaintiff is a citizen of Connecticut, while Defendants are citizens of Delaware and California. *See*

---

[1] Plaintiff alleges that Burt's Bees is headquartered in Durham, North Carolina. Compl. ¶ 80. Although Burt's Bees was previously headquartered in Durham, its "principal office" is now in Oakland, California, as reflected on the North Carolina Secretary of State's website. *See* Ex. G.

28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

### There Is More than $500,000 In Controversy

10. In assessing the amount in controversy, "[a]bsolute certainty as to the amount is not essential; it suffices that there is a present probability that the [amount in controversy] . . . meet[s] the statutory requirement." *Comm. for GI Rights v. Callaway*, 518 F.2d 466, 472 (D.C. Cir. 1975).

11. At this stage of the litigation, Defendants need not submit evidence substantiating the amount in controversy, so long as they can offer a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount [in controversy] is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*[2]

12. Here, Plaintiff seeks injunctive relief, including but not limited to "an order enjoining Defendants' conduct found to be in violation of the CPPA." Compl. at 20-21 (Prayer for Relief). It is well-established that "the test for determining the amount in controversy is the pecuniary result to *either party* which the judgment would directly produce." *Tatum v. Laird*, 444 F.2d 947, 951 n.6 (D.C. Cir. 1971), *rev'd on other grounds*, 408 U.S. 1 (1972); *see also, e.g.*, *Smith v. Washington*, 593 F.2d 1097, 1099 (D.C. Cir. 1975) ("[A] court may look to either the value of the right that plaintiff seeks to enforce or protect or the cost to the defendants to remedy the alleged denial."); *Comm. for GI Rights*, 518 F.2d at 472 (same).

---

[2] To the extent there is any dispute as to the amount in controversy, Defendants expressly reserve the right to submit additional evidence substantiating their jurisdictional allegations. *See, e.g.*, *Lavelle v. State Farm Mut. Auto Ins. Co.*, 235 F. Supp. 3d 217, 223 (D.D.C. 2017) (denying motion to remand based on post-removal "evidence regarding attorneys' fees and punitive damages" and rejecting argument that the defendant "waived its right to use these factors in its calculation of the amount in controversy" because it did not submit this evidence alongside its notice of removal).

13. The cost to Defendants of complying with Plaintiff's broadly-defined injunctive relief would exceed $500,000, particularly when coupled with the other relief Plaintiff seeks. Assuming for purposes of this Notice of Removal only that Plaintiff prevails in this lawsuit, Defendants could be required to modify the manufacturing processes for the Products to remove the chemicals that Plaintiff alleges are likely present in the Products. It is difficult to predict the full cost to Defendants of determining the source of the alleged chemicals (assuming for purposes of this Notice only that they are present in the Products) and then changing the sourcing and/or manufacturing process for each of the Products, but it would surely exceed $500,000. *See* Ex. H, Declaration of Dallas Mariah Eckhardt ¶ 4. Alternatively, rather than modifying the sourcing and/or manufacturing process, Defendants could be required to revise certain representations across all of their public platforms, marketing tools, and packaging related to the Products (*see* Compl. ¶¶ 1, 22, 23), which would cost Defendants approximately $600,000. *See* Ex. I ¶¶ 5-6.

14. The non-aggregation principle does not apply to Defendants' costs of compliance with Plaintiff's requested relief because there is only one Plaintiff in this action — GMO Free USA d/b/a Toxin Free USA. To the extent the Complaint is interpreted as bringing claims on behalf of multiple plaintiffs, the relief Plaintiff seeks is indivisible. *See Tatum v. Laird*, 444 F.2d 947 (D.C. Cir. 1971), *rev'd on other grounds*, 408 U.S. 1 (1972); *Committee for GI Rights v. Callaway*, 518 F.2d 466 (D.C. Cir. 1975). Further, Plaintiff *also* asserts a CPPA claim "in its individual . . . capacit[y], on its own behalf." Compl. ¶ 85. Because that individual claim independently meets the jurisdictional threshold, the Court can assert jurisdiction over the entire action. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005) (the district court can assert supplemental jurisdiction over all claims when at least one plaintiff satisfies the requirements of diversity jurisdiction).

15. Plaintiff also seeks attorneys' fees, which are recoverable under the CPPA. *See* Compl. at 20-21 (Prayer for Relief); D.C. Code § 28-3905(k)(2)(B). Courts routinely consider attorneys' fees under the CPPA in calculating the amount in controversy. *See, e.g.*, *Sloan*, 2015 WL 927838, at *9 (noting that "[a]ttorney fees are part of the amount in controversy if they are provided for by statute or contract" and collecting cases). And fee awards under the CPPA can reach into the hundreds of thousands of dollars. *See*, *e.g., Beck v. Test Masters Educ. Servs., Inc.*, 73 F. Supp. 3d 12, 18, 20 (D.D.C. 2014) (awarding $927,707.89 in attorneys' fees and expenses in a CPPA lawsuit); *Williams v. First Gov't Mortg. & Invr's Corp.*, 225 F.3d 738, 743 (D.C. Cir. 2000) (affirming award of $199,340 in attorneys' fees in a CPPA lawsuit); *Jackson v. Byrd*, No. 01-ca-825, 2004 WL 3249692, at *3 (D.C. Sup. Ct. Sept. 2, 2004) (awarding $196,000 in attorneys' fees to CCPA plaintiff).

16. Plaintiff's request for attorneys' fees is not subject to the non-aggregation principle for the same reasons applicable to Defendants' costs of compliance, and because the fee request is made solely on behalf of GMO Free USA d/b/a Toxin Free USA. *See* Compl. at 20-21 (Prayer for Relief) (requesting "[a]n order granting *Plaintiff* costs and disbursements, including reasonable attorneys' fees" (emphasis added)).

17. In short, the potential value of Plaintiff's request for injunctive relief and attorneys' fees significantly exceeds the minimum amount-in-controversy of $75,000.

## **VENUE IS PROPER**

18. Venue is proper because this action was initially filed in the Superior Court of the District of Columbia, which is coextensive with the U.S. District Court for the District of Columbia. *See* 28 U.S.C. § 1441(a) (noting that an action may be removed "to the district court

of the United States for the district and division embracing the place where such action is pending").

## OTHER REQUIREMENTS FOR REMOVAL ARE MET

19. Under 28 U.S.C. § 1446(b), notice of removal of a civil action must be filed within thirty days of the defendant's receipt of service of the summons and the Petition. Defendants were served on April 19, 2022. *See* Exs. B, C. This Notice of Removal is accordingly timely. *See* Fed. Rule Civ. P. 6(a)(1)(C).

20. Defendants have not filed any pleadings in the Superior Court responding to the Complaint.

21. In accordance with 28 U.S.C. § 1446(d), Defendants will file a notice of their Notice of Removal with the Superior Court, and will promptly serve a copy of this Notice of Removal on the parties.

Dated: May 10, 2022

Respectfully submitted,

JENNER & BLOCK LLP

By: */s/ Kelly M. Morrison*
Kelly M. Morrison (#1046293)
Jenner & Block LLP
1099 New York Ave., NW,
Suite 900
Washington, DC 20001
(202) 639-6000

Counsel for Defendants
Burt's Bees, Inc. and
The Clorox Company