# EXHIBIT H

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| GMO FREE USA d/b/a TOXIN FREE USA, P.O. Box 458, Unionville, CT 06085,<br><br>    Plaintiff,<br><br>v.<br><br>BURT'S BEES, INC., 211 West Pettigrew Street, Durham, NC 27701, and THE CLOROX COMPANY, 1221 Broadway, Oakland, CA 94612,<br><br>    Defendants. | Case No. _____ |

**DECLARATION OF DALLAS MARIAH ECKHARDT
IN SUPPORT OF BURT'S BEES, INC. AND THE CLOROX COMPANY'S
<u>NOTICE OF REMOVAL</u>**

I, Dallas Mariah Eckhardt, declare under penalty of perjury as follows:

1. I am VP & General Manager, Burt's Bees. My responsibilities include business strategy development, operations oversight, and P&L management. I am of legal age and submit this declaration based upon my personal knowledge in support of the Notice of Removal filed by Defendants Burt's Bees, Inc. and The Clorox Company ("Defendants").

2. I understand that Plaintiff in this matter seeks an injunction that, if Plaintiff prevails in this lawsuit, could require Defendants to (a) modify their manufacturing processes for certain Burt's Bees products or, alternatively, (b) revise a number of statements appearing on the Burt's Bees brand website, social media pages, and product packaging. I understand that Plaintiff is complaining about the following Products: Nourishing Mascara, All Aflutter Multi-Benefit Mascara, Blush Makeup and Beeswax Lip Balm (the "Products").

3. I was asked by counsel for Defendants to provide an estimate and breakdown of the anticipated costs to Defendants of complying with such an injunction, assuming Plaintiff is

successful in this lawsuit. Based on my past experience and estimates reasonably available to me, I calculate that, under either scenario, compliance with Plaintiff's requested injunction would require Defendants to incur expenses in excess of $500,000.

4.  Under the first scenario, Defendants would be required to modify the manufacturing processes or the sourcing for the Products to remove supposed contaminants that Defendants do not formulate with (assuming such contaminants are present in the Products). This would require Defendants to first determine the source of the alleged contaminants, and then change the manufacturing process (including, potentially, obtaining different materials from different suppliers) for each of the Products. While it is difficult to predict the full cost to Defendants of the investigation and change in manufacturing process(es) in this hypothetical scenario, I estimate that, conservatively, it would cost in excess of $500,000.

5.  The second potential injunction scenario would require Defendants to, at a minimum: (1) update the Burt's Bees websites, social media accounts, email marketing campaigns, and other digital property; and (2) design and roll out new packaging for each of the Products. I estimate that the combined cost of complying with Plaintiff's requested relief would be approximately $600,000, as follows:

6.  First, to identify and remove all challenged statements related to the Products from Burt's Bees websites, social media accounts, email marketing campaigns, and other digital property, and to otherwise update the content on such platforms, Defendants would have to spend approximately $100,000. This figure does not include the cost to modify content on third-party websites, which Defendants do not control. Second, to design and roll out new packaging for each of the Products, Defendants would have to spend approximately $500,000. This does not include the cost to destroy already printed labels, or to destroy or repackage finished goods.

I declare under penalty of perjury under the laws of the District of Columbia and the United States of America that the foregoing facts are true and correct.

Executed in Raleigh, North Carolina on May 6, 2022.

*Dallas Mariah Eckhardt*

Dallas Mariah Eckhardt