UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GMO FREE USA d/b/a TOXIN FREE USA,<br><br>Plaintiff,<br><br>v.<br><br>BURT'S BEES, INC., and THE CLOROX COMPANY,<br><br>Defendants. | **Case No. 1:22-cv-01277-DLF**<br><br>Hon. Dabney L. Friedrich |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
AND FOR FEES AND COSTS**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 3

    I.    Defendants' Removal Ignores the Settled Law of This District, Which Holds That the Non-Aggregation Principle Applies to CPPA Claims on Behalf of the General Public. ................... 3

    II.    Even Apart From Contravening Settled Precedent of This District, Defendants' Removal Is Flawed. ................................................................................................................ 10

    III.    Plaintiff Is Entitled to Its Fees and Costs Associated With This Remand. ....................... 12

CONCLUSION .................................................................................................................... 14

# TABLE OF AUTHORITIES

### CASES

*Animal Legal Defense Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53 (D.D.C. 2017) (Kollar-Kotelly, J.) .................................................................................................................... 5, 8, 9

*Ballard v. District of Columbia*, 813 F. Supp. 2d 34 (D.D.C. 2011) (Roberts, J.) ........................ 3

*Beyond Pesticides v. Exxon Mobil Corp.*, No. 20-cv-1815 (TJK), 2021 U.S. Dist. LEXIS 53032 (D.D.C. Mar. 22, 2021) .............................................................................................. 4, 7, 8, 9

*Breakman v. AOL LLC*, 545 F. Supp. 2d 96 (D.D.C. 2008) (Bates, J.) ..................................... 5, 8

*Breathe DC v. Santa Fe Natural Tobacco Co.*, 232 F. Supp. 3d 163 (D.D.C. 2017) (Huvelle, J.) ........................................................................................................................................... 5, 6

*Burton v. Coburn*, No. No. 04-965 (RBW), 2005 U.S. Dist. LEXIS 4243 (D.D.C. Mar. 16, 2005) ............................................................................................................................................ 13

*Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49 (D.D.C. 2012) (Urbina, J.) ............................... 3

*Clean Label Project Found. v. Now Health Group, Inc.*, No. 21-11 (JDB), 2021 U.S. Dist. LEXIS 125488 (D.D.C. July 6, 2021) .................................................................................... 7

*Earth Island Inst. v. BlueTriton Brands*, No. 21-cv-2659 (JEB), 2022 U.S. Dist. LEXIS 15168 (D.D.C. Jan. 27, 2022) ...................................................................................................... 4, 14

*Earth Island Inst. v. Coca-Cola Co.*, No. 21-cv-1926 (PLF), 2022 U.S. Dist. LEXIS 53414 (D.D.C. Mar. 24, 2022) ................................................................................................... 4, 7, 8

*Fahey v. Godiva Chocolatier, Inc.*, No. 19-2128 (JDB), 2020 U.S. Dist. LEXIS 27073 (D.D.C. Feb. 18, 2020) ........................................................................................................................ 11

*Food & Water Watch, Inc. v. Tyson Foods, Inc.*, No. 19-cv-2811 (APM), 2020 U.S. Dist. LEXIS 38232 (D.D.C. Mar. 5, 2020) ................................................................................................. 4

*Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007) ................................... 3

*Hackman v. One Brands, LLC*, No. 18-2101 (CKK), 2019 U.S. Dist. LEXIS 55635 (D.D.C. Apr. 1, 2019) .................................................................................................................................... 4

*Hood v. F. Hoffman-La Roche, Ltd.*, 639 F. Supp. 2d 25 (D.D.C. 2009) (Hogan, J.) ................... 3

*Inst. for Truth in Mktg v. Total Health Network Corp.*, 321 F. Supp. 3d 76 (D.D.C. 2018) (Jackson, J.) .......................................................................................................................... 5, 12

*Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175 (D.D.C. 2003) (Urbina, J.) ................ 13

*Martin v. Franklin Cap. Corp.*, 546 U.S. 132 (2005) ................................................................. 12

*Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64 (D.D.C. 2014) (Lamberth, J.) ........................................................................................................................................... 8, 9

*Nat'l Consumers League v. Gen. Mills, Inc.*, 680 F. Supp. 2d 132 (D.D.C. 2010) (Kennedy, J.) ..................................................................................................................................... 7, 8, 13

*Organic Consumers Ass'n v. Handsome Brook Farm Group 2, LLC*, 222 F. Supp. 3d 74 (2016) (Cooper, J.) ............................................................................................................................ 5, 8

*Organic Consumers Ass'n v. R.C. Bigelow, Inc.*, 314 F. Supp. 3d 344 (D.D.C. 2018) (Walton, J.) ................................................................................................................................................ 5

*Smith v. Abbott Laboratories, Inc.*, No. 16-501 (RJL), 2017 U.S. Dist. LEXIS 135478 (D.D.C. Mar. 31, 2017) ......................................................................................................................... 5

*Snyder v. Harris*, 394 U.S. 332 (1969) ..................................................................................... 4, 6

*Stein v. Am. Exp. Travel Related Servs.*, 813 F. Supp. 2d 69 (D.D.C. 2011) (Kessler, J.) ........... 12

*Toxin Free USA v. J.M. Smucker Co.*, 507 F. Supp. 3d 40 (D.D.C. 2020) (Friedrich, J.) 2, 4, 7, 13
*Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150 (D.D.C. 2007) (Kessler, J.) ...................... 12
*Witte v. Gen. Nutrition Corp.*, 104 F. Supp. 3d 1 (D.D.C. 2015) (Huvelle, J) ............................... 5
*Your Girl Friday, LLC v. MGF Holdings, Inc.*, No. 06-0385 (ESH), 2006 U.S. Dist. LEXIS 20665
   (D.D.C. Apr. 18, 2006) ........................................................................................................ 9
*Zahn v. Int'l Paper Co.,* 414 U.S. 291, 94 S. Ct. 505 (1973) ......................................................... 6

### STATUTES

28 U.S.C. § 1332(a) ........................................................................................................................ 4
28 U.S.C. § 1441(a) ........................................................................................................................ 3
28 U.S.C. § 1447(c) ...................................................................................................................... 12
D.C. Code § 28-3901(a)(15) .................................................................................................. 1, 3, 12
D.C. Code § 28-3901(c) ................................................................................................................ 10
D.C. Code § 28-3905(k) .................................................................................................................. 1
D.C. Code § 28-3905(k)(1)(D) .................................................................................................. 3, 6
D.C. Consumer Protection Procedures Act, D.C. Code § 28-3901 *et seq.* ............................ passim

**INTRODUCTION**

This is a private-attorney-general action filed by a D.C. Code § 28-3901(a)(15) public-interest organization, on behalf of the general public and consumers of the District of Columbia pursuant to D.C. Code § 28-3905(k). Plaintiff GMO Free USA d/b/a Toxin Free USA ("Toxin Free USA" or "Plaintiff"), a non-profit organization, alleges that Defendants Burt's Bees, Inc. and The Clorox Company (collectively, "Defendants") deceptively market Defendants' cosmetics products as "100% Natural" and made with "respect [for the] environment," when in fact the products contain indicators of synthetic per- and polyfluoroalkyl substances, or "PFAS," chemicals that are harmful to the environment. (Compl. Preamble.) The Complaint states one count, for violations of the D.C. Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901 *et seq.* (*id.* ¶¶ 84-90) and seeks only declaratory and injunctive relief to stop the conduct directed at consumers in the District of Columbia (*id.* Prayer for Relief).

Despite the lack of any damages or restitution at issue in this case, Defendants have removed on the basis of federal diversity jurisdiction, claiming that the amount in controversy exceeds $75,000. Defendants make this assertion notwithstanding the settled law in this District. Defendants' attempts to disregard this Court's own rulings on the application of the long-established non-aggregation principle to this case, under which courts of this District hold that the cost of compliance with injunctive relief must be divided pro rata among potential beneficiaries of that relief, are unavailing. Defendants offer no evidence that the cost of compliance in this case would exceed $75,000 ***per member*** of the general public of the District and merely states that Plaintiff's claim independently meets the jurisdictional threshold. (Defendants' Notice of Removal ("Notice"), ¶¶ 10-17.) For these fatal flaws, the case must be remanded.

1

But even if the Court's uniform precedent on the non-aggregation principle were to be somehow discarded, Defendants have failed to meet their burden in establishing the amount in controversy. Defendants offer no evidence to support its contention that the cost of compliance with Plaintiff's requested relief (to put an end to deceptive marketing directed at consumers in the District) would exceed $75,000. Instead, Defendants rely upon a declaration by Defendant Burt's Bee's Inc.'s VP & General Manager, Dallas Mariah Eckhart, that broadly speculates as to the cost of the most expensive, least efficient means by which it might correct its false advertising—far beyond what is requested in the Complaint. This contradicts established precedent that requires the removing party to both go beyond mere speculation and to prove the reasonableness of the estimated cost of compliance.

Defendants also ignore settled precedent on the use of attorneys' fees to meet the jurisdictional minimum, disregarding the District's holdings applying the non-aggregation principle to attorneys' fees (or alternatively setting attorneys' fees at $0 in cases seeking only injunctive and declaratory relief on behalf of the general public).

In short, Defendants' removal of this case lacks any reasonable basis. Defendants' arguments ignore the settled law of this District, which has ***uniformly*** found that similar false-advertising cases—arising under the CPPA and seeking only injunctive and declaratory relief—must be remanded. In conversations with Plaintiff's counsel, Defendants have been made aware of this District's past case law on these matters, as well as ***this Court's own ruling*** following that precedent and holding that there is "no reason to depart from the consensus of courts in this district" regarding the non-aggregation principle. *Toxin Free USA v. J.M. Smucker Co.*, 507 F. Supp. 3d 40, 46 (D.D.C. 2020) (Friedrich, J.).[1] Defendants have moved for removal and oppose

---

[1] In an email to Plaintiff's counsel on May 18, 2022, Defendants stated simply that they "disagree" with this Court's decision in *J.M. Smucker Co.*, citing to out-of-circuit case law.

2

remand despite knowing that their position is unsupported by case law and objectively unreasonable in light of this Court's past rulings. Such blatant delay tactics waste the time and resources of Plaintiff and the Court. Accordingly, Plaintiff respectfully requests that its motion to remand be granted, and because no reasonable basis existed for removal or for opposition of remand, that it receives its costs associated with seeking remand.

## ARGUMENT

Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court may be removed to a United States District Court only if the case originally could have been brought in federal court. "Courts in this circuit have construed removal jurisdiction strictly, favoring remand where the propriety of removal is unclear." *Ballard v. District of Columbia*, 813 F. Supp. 2d 34, 38 (D.D.C. 2011) (Roberts, J.); *see also Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012) (Urbina, J.) ("Courts must strictly construe removal statutes. The court must resolve any ambiguities concerning the propriety of removal in favor of remand." (citations omitted)); *Hood v. F. Hoffman-La Roche, Ltd.*, 639 F. Supp. 2d 25, 28 (D.D.C. 2009) (Hogan, J.) (citing *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007)). "When the plaintiff makes a motion to remand, the defendant bears the burden of proving federal jurisdiction." *Busby*, 841 F. Supp. 2d at 53.

**I.    Defendants' Removal Ignores the Settled Law of This District, Which Holds That the Non-Aggregation Principle Applies to CPPA Claims on Behalf of the General Public.**

Defendants have removed on the basis of federal diversity jurisdiction. (Notice ¶ 7.) Plaintiff Toxin Free USA is a D.C. Code § 3901(a)(15) public-interest organization and brings this CPPA action on behalf of consumers and the general public pursuant to D.C. Code § 28-3905(k)(1)(D). (Compl. Preamble, ¶¶ 14-22.) Plaintiff's Complaint seeks only injunctive and declaratory relief. (*Id.* Prayer.) According to long-standing, uniform precedent in this District,

3

when a CPPA case on behalf of the general public seeks only declaratory and injunctive relief, the cost of compliance must be calculated on a per-affected-individual basis, according to the non-aggregation principle of *Snyder v. Harris*, 394 U.S. 332, 335 (1969). That is, in order to establish federal diversity jurisdiction, Defendants would need to establish that the $75,000 jurisdictional minimum, *see* 28 U.S.C. § 1332(a), is met for ***each*** member of the D.C. general public represented in this litigation. Relevant decisions, issued over the last dozen years include at least these:

- *Earth Island Inst. v. Coca-Cola Co.*, No. 21-cv-1926 (PLF), 2022 U.S. Dist. LEXIS 53414, at *9 (D.D.C. Mar. 24, 2022): "The Court . . . joins the 'chorus of courts' in this district that have uniformly held that in analogous cases 'the cost of the injunction must be divided pro rata among District of Columbia consumers.'" (internal citation omitted).

- *Earth Island Inst. v. BlueTriton Brands*, No. 21-cv-2659 (JEB), 2022 U.S. Dist. LEXIS 15168, at *8 (D.D.C. Jan. 27, 2022): "Persuaded by the thoughtful opinions penned by its numerous colleagues who have tackled this issue, the Court 'concludes that the appropriate measure of the requested injunctive relief is not the amount that [Defendant] must spend to comply with the injunction, but that amount divided by the number of members of the public on whose behalf Plaintiff brings the action.'" (internal citation omitted).

- *Beyond Pesticides v. Exxon Mobil Corp.*, No. 20-cv-1815 (TJK), 2021 U.S. Dist. LEXIS 53032, at *4 (D.D.C. Mar. 22, 2021): "[I]n suits brought under D.C. Code § 28-3905(k)(1), like this one, courts in this District have consistently applied the non-aggregation principle to hold that, if a purported amount in controversy is calculated by reference to a defendant's cost of compliance with an injunction, the total cost of compliance must be divided by the number of the injunction's beneficiaries."

- *J.M. Smucker Co.*, 507 F. Supp. 3d 40, 45-46 (D.D.C. Nov. 30, 2020) (Friedrich, J.): "Courts in this district have consistently held that defendants removing DCCPPA actions 'cannot rely on the total cost of compliance with the plaintiff's requested injunction to establish the amount-in-controversy' requirement of § 1332(a)." (internal citation omitted).

- *Food & Water Watch, Inc. v. Tyson Foods, Inc.*, No. 19-cv-2811 (APM), 2020 U.S. Dist. LEXIS 38232, at *15-16 (D.D.C. Mar. 5, 2020): "[C]onsistent with the decisions of courts in this District, the court finds that for purposes of calculating the amount in controversy, the cost of the injunction to Defendant must be divided pro rata among the members of the general public of the District of Columbia."

- *Hackman v. One Brands, LLC*, No. 18-2101 (CKK), 2019 U.S. Dist. LEXIS 55635, at *18 (D.D.C. Apr. 1, 2019): "Accordingly, the Court follows the vast weight of authority in this

Circuit and concludes that the non-aggregation principle should be applied to the cost of Defendant's compliance with an injunction."

- *Inst. for Truth in Mktg v. Total Health Network Corp.*, 321 F. Supp. 3d 76, 91 (D.D.C. 2018) (Jackson, J.): "Consistent with persuasive precedents in this district, this Court concludes that the appropriate measure of the requested injunctive relief is not the amount that Total Health must spend to comply with the injunction, but that amount *divided by* the number of members of the public on whose behalf Plaintiff brings the action."

- *Organic Consumers Ass'n v. R.C. Bigelow, Inc.*, 314 F. Supp. 3d 344, 350 (D.D.C. 2018) (Walton, J.): "[T]he overwhelming weight of authority within th[is] District indicates that defendants seeking to remove [CPPA] actions cannot rely on the total cost of compliance with the plaintiff's requested injunction to establish the amount-in-controversy, as that would violate the non-aggregation principle set forth by the Supreme Court."

- *Animal Legal Defense Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 59 (D.D.C. 2017) (Kollar-Kotelly, J.): "[A]lthough the cost to the defendant is one available measure of the amount in controversy, the Court concludes that it would not be an appropriate measure to apply in this particular case because to do so would not comport with the non-aggregation principle."

- *Smith v. Abbott Laboratories, Inc.*, No. 16-501 (RJL), 2017 U.S. Dist. LEXIS 135478, at *4 (D.D.C. Mar. 31, 2017): "[T]he overwhelming weight of authority within the District indicates that defendants seeking to remove DCCPA actions cannot rely on the total cost of compliance with the plaintiff's requested injunction to establish the amount-in-controversy, as that would violate the non-aggregation principle set forth by the Supreme Court."

- *Breathe DC v. Santa Fe Natural Tobacco Co.*, 232 F. Supp. 3d 163, 171 (D.D.C. 2017) (Huvelle, J.): "The Court must consider whether the total cost of compliance divided among the beneficiaries still meets the amount in controversy."

- *Organic Consumers Ass'n v. Handsome Brook Farm Group 2, LLC*, 222 F. Supp. 3d 74, 78 (2016) (Cooper, J.): "Consistent with this prior authority, the Court finds that the individual cost to *each* plaintiff must exceed $75,000 for jurisdiction to exist. Because Handsome Brook has made no attempt to show that the $75,000 threshold is met for each plaintiff, it has not established that diversity jurisdiction exists."

- *Witte v. Gen. Nutrition Corp.*, 104 F. Supp. 3d 1, 6 (D.D.C. 2015) (Huvelle, J.): "Defendants' argument—that this Court should consider their total compliance costs in calculating the amount in controversy—would circumvent the non-aggregation principle articulated in *Snyder* and *Zahn* [*v. International Paper Corp.*, 414 U.S. 291 (1973)]."

- *Breakman v. AOL, LLC*, 545 F. Supp. 2d 96, 105 (D.D.C. 2008) (Bates, J.): "[T]his Court agrees that the cost-to-defendant test is inapplicable to the current diversity action. That result is, moreover, consistent with the general rule that the proper measure of the amount in controversy is from the perspective of the relief sought by the plaintiff."

Defendants have neither attempted to establish that the jurisdictional minimum is met for each member of the D.C. general public nor even acknowledged this precedent which directly contravenes its removal petition.

Defendants' attempts to evade this Court's well-established precedent regarding the application of the non-aggregation principle in CPPA actions are unavailing. First, despite the overwhelming precedent to the contrary, Defendants argues that the non-aggregation principle does not apply because "there is only one plaintiff in this action" (Notice ¶ 14.) "Judges in this district, however, have uniformly and 'persuasively debunked this precise argument.'" *Coca-Cola Co.*, 2022 U.S. Dist. LEXIS 53414 at *8 (quoting *BlueTriton*, 2022 U.S. Dist. LEXIS 15168 at *9).

Defendants' argument is based on a requirement that simply does not exist; the non-aggregation principle looks to the number of ***beneficiaries***, not to the number of plaintiffs:

> Defendants respond that, because "this is a single-plaintiff action, not a class action or other multi-claimant lawsuit," there is "no basis for the Court to 'disaggregate'" the costs of compliance among the beneficiaries. Plaintiff has the better argument. . . . [A]lthough the Court spoke in terms of "plaintiffs" in *Synder* and *Zahn* [*v. Int'l Paper Co.,* 414 U.S. 291, 94 S. Ct. 505 (1973*)*], the rationale extends equally to ***actions brought by nonprofit groups where the beneficiaries need not be added as parties to the lawsuit.***

*Breathe DC*, 232 F. Supp. 3d at 170-71 (internal citations omitted) (emphasis added). The plain language of Plaintiff's Complaint makes clear that it brings this action on behalf of multiple intended beneficiaries. (*E.g.*, Compl. ¶ 21 ("on behalf of the general public, *i.e.*, D.C. consumers generally".) This is also supported by the language, purpose, and routine application of the CPPA. *See, e.g.*, D.C. Code § 28-3905(k)(1)(D)(i) ("[A] public interest organization may, ***on behalf of the interests of a consumer or class or consumers***, bring an action seeking relief . . . .") (emphasis added).

Defendants next aver that even if the Complaint "were interpreted to include additional plaintiffs" the non-aggregation principle would not apply because the "relief Plaintiff seeks is indivisible." (Notice ¶ 14.) But "*[e]very judge* in this district to have considered the issue has rejected this exact argument and has found the exception to the non-aggregation rule to be inapplicable to CPPA actions for injunctive relief." *Coca-Cola Co.*, 2022 U.S. Dist. LEXIS 53414 at *10-11. *See also, e.g.*, *Exxon Mobil Corp.*, 2021 U.S. Dist. LEXIS 53032 at *4-5 ("[W]hatever its applicability in other contexts, no court in this District has ever applied that exception to permit circumvention of the non-aggregation principle in a case brought by a single plaintiff involving the type of claims and relief at issue here."); *Clean Label Project Found. v. Now Health Group, Inc.*, No. 21-11 (JDB), 2021 U.S. Dist. LEXIS 125488, at *11 (D.D.C. July 6, 2021) ("The disaggregation of injunctive costs in DCCPPA actions follows logically from the fact that representative actions for injunctive relief brought under the DCCPPA are not seeking to enforce a 'common and undivided interest' as would exempt them from non-aggregation."). This Court has also explicitly rejected this argument, as Defendants are aware (*see supra* Introduction). *See J.M. Smucker Co.*, 507 F. Supp. 3d at 46 ("Toxin Free does not seek any integrated claim for relief—like disgorgement of the defendants' profits—that would hold defendants generally liable for a fixed amount in which the members of the general public in Washington, D.C. would have a common and undivided interest.").

Defendants also argue that Plaintiff's request for attorneys' fees can be considered to establish the amount in controversy in CPPA actions. (Notice ¶ 15.) The assertion that the mere request for attorneys' fees provides the jurisdictional minimum, like Defendants' other unsupported contentions regarding the non-aggregation principle, overlooks the settled law of this District. Attorneys' fees, for purposes of this action, are either divided pro rata or else apportioned

at $0, and even if they were not, Defendants have provided no evidence beyond mere speculation relating to attorneys' fees. *Coca-Cola Co.*, 2022 U.S. Dist. LEXIS 53414 at *12 ("[T]he bottom line is that attorneys' fees are still subject to the non-aggregation principle . . . or otherwise apportioned to $0 in actions for injunctive relief under the CPPA.").

***First***, in a private-attorney-general CPPA claim, attorneys' fees, like the cost of injunctive relief, must be considered for jurisdictional purposes on a pro rata basis, divided amongst the consumers on whose behalf the suit is brought: "Plaintiff argues that considering the total amount of attorneys' fees in a DCCPPA case brought on behalf of the general public would not comport with the non-aggregation principle. [] This position finds considerable support in a number of district court opinions from this Circuit." *Animal Legal Def. Fund*, 249 F. Supp. 3d at 62 (citing *Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64, 73 (D.D.C. 2014) (Lamberth, J.); *see also, e.g.*, *Exxon Mobil*, 2021 U.S. Dist. LEXIS 53032 at *5 ("Courts in this District have also applied the non-aggregation principle to attorneys' fees."); *Nat'l Consumers League v. Gen. Mills, Inc.*, 680 F. Supp. 2d 132, 141 (D.D.C. 2010) (Kennedy, J.); *Breakman*, 545 F. Supp. 2d at 107. Defendants flatly disregards this overwhelming precedent.

***Second***, in the alternative, when a private attorney general sues for CPPA injunction, without damages, the amount of attorneys' fees for jurisdictional purposes can simply be set at $0:

> Courts in this district generally agree that if attorneys' fees are recoverable by statute, they can be included in the amount-in-controversy calculation but must be apportioned amongst the individual consumers. And only each individual plaintiff's share can be considered as part of the amount in controversy. . . . But when, like here, a plaintiff "is suing under [the private attorney general provision of the DCCPPA] and is recovering no independent damages, the amount of attorneys' fees applicable to it for jurisdictional purposes are $0."

*Handsome Brook Farm Grp. 2, LLC*, 222 F. Supp. 3d at 78-79 (citations omitted) (quoting *Bimbo Bakeries*, 46 F. Supp. 3d at 73).

8

***Third***, even if attorneys' fees could be counted toward the jurisdictional minimum, and were allowed to be aggregated, Defendants have provided no evidence suggesting what the attorneys' fees in fact will be, only vague speculative recitals of what attorneys' fees have amounted to in other CPPA cases. (Notice ¶ 15.) *See, e.g.*, *Exxon Mobil*, 2021 U.S. Dist. LEXIS 53032, at *5 n.1 ("Even if the non-aggregation principle did not apply, Exxon Mobil's bald claim that, at lead counsel's $700-an-hour rate, 'the amount in controversy will exceed $75,000 so long as [lead counsel] alone bills just 110 hours to this complex litigation,' is too speculative to meet its burden.") (internal citations omitted); *Animal Legal Def. Fund*, 249 F. Supp. 3d at 63 ("Defendant's showing regarding attorneys' fees is too speculative. Numerous courts have rejected similar attempts to create federal jurisdiction through speculative assertions as to the potential for an award of attorneys' fees."); *Bimbo Bakeries*, 46 F. Supp. 3d at 74 ("Defendant's speculation or conclusory statements as to the amount of attorneys' fees is insufficient to establish a jurisdictional amount."); *Your Girl Friday, LLC v. MGF Holdings, Inc.*, No. 06-0385 (ESH), 2006 U.S. Dist. LEXIS 20665, at *8 (D.D.C. Apr. 18, 2006) ("[D]efendant's conjecture regarding the possible amount of fees is inadequate to support an assertion of diversity jurisdiction in this case[.]"). Defendants provide no ***evidence*** relating to attorneys' fees in this case, only a conclusory statement that in CPPA actions these fees "can reach into the hundreds of thousands of dollars." (Notice ¶ 15.)

Thus, despite Defendants' attempts to argue to the contrary, the law in this District is clear. The non-aggregation principle applies, and this case must be remanded to the proper forum, the Superior Court of the District of Columbia.

## II. Even Apart From Contravening Settled Precedent of This District, Defendants' Removal Is Flawed.

As set forth in Part I, *supra*, the settled and uncontroverted precedent of this District holds that a CPPA action on behalf of the general public is not removable unless the $75,000 jurisdictional minimum is met for each member of the D.C. public. But even if that caselaw did not exist, the Notice of Removal would fail because the cost "estimates" that Defendants cite are speculative, unsupported by evidence, and go far beyond the relief actually sought by the Complaint.

Even if the cost of compliance could be aggregated—and as set forth above, it cannot, and instead must be divided on a *per capita* basis—the overblown estimated costs and vague, sweeping measures that Defendants cite are speculative and unreasonable, given what is available in a CPPA action. This is the relief sought by Plaintiff's Complaint in this matter:

- A. a declaration that Defendants' conduct is in violation of the DC CPPA;

- B. an order enjoining Defendants' conduct found to be in violation of the DC CPPA;

- C. an order granting Plaintiff costs and disbursements, including reasonable attorneys' fees and expert fees, and prejudgment interest at the maximum rate allowable by law.

(Compl. Prayer for Relief.) The reach of the CPPA is limited to the District of Columbia. *See* D.C. Code § 28-3901(c) ("This chapter establishes an enforceable right to truthful information from merchants about consumer goods and services that are or would be purchased, leased, or received in the District of Columbia."). Accordingly, any injunction of Defendants' marketing, or other relief, would be required only as to services offered in the District. Moreover, the Complaint challenges only Defendants' ***marketing*** of its products, not the formulation or manufacture of its products; Plaintiff does not seek, and the Court could not order, sweeping changes to the formulation or manufacturing processes of Defendants' products.

10

Notwithstanding the foregoing, and common sense, Defendants submit the declaration of Defendant Burt's Bees Inc.'s VP & General Manager, Dallas Mariah Eckhart, opining that complying with Plaintiff's relief would entail such comprehensive measures as "modify[ing] the manufacturing processes or the sourcing for the Products to remove supposed contaminants[,] . . . design and roll out new packaging for each of the products[,] . . . [and] modify content on third-party websites, which Defendants do not control. " (Eckhart Decl. (Ex. H to Notice) ¶¶ 4-6.) This description of the requested relief is far beyond what is actually sought in the Complaint. To begin, the injunctive action Plaintiff seeks in the Complaint makes no mention, anywhere, of this purported relief; a simple review of the Prayer for Relief, quoted above, demonstrates that Plaintiff does not request that the Court order Defendants to modify their manufacturing processes, change all packaging nationwide, or update all online materials nationwide, including third-party websites. Nor do Defendants explain how, under the CPPA, a court could lawfully order such relief. The Complaint alleges that Defendants are misleading D.C. consumers about the nature of the Products, which violates the CPPA, and asks the Superior Court to stop this CPPA violation. Suggesting that Defendants would stop misrepresenting Products sold in the District by changing their entire marketing regime and/or manufacturing processes, would undoubtedly be the costliest, most inefficient method of achieving simple, targeted relief.

Defendants' estimates would not establish the jurisdictional minimum by a preponderance of the evidence, even if the amount *were* aggregated for all D.C. consumers. Measuring the cost-of-compliance metric for determining the amount-in-controversy in cases seeking injunctive relief puts the burden of "establishing the reasonableness" of the estimate on the party seeking removal. *Fahey v. Godiva Chocolatier, Inc.*, No. 19-2128 (JDB), 2020 U.S. Dist. LEXIS 27073, at *10-11 (D.D.C. Feb. 18, 2020) (granting remand where defendant's estimated cost-of-compliance was

"speculative and unreasonable"). Declarant Eckhart merely speculates about relief not available in a CPPA action and how much that might cost. Such speculation does not meet Defendants' burden, in any event. *See, e.g.*, *Inst. for Truth in Mktg.*, 321 F. Supp. 3d at 89 ("It is well established that a defendant may not rely on sheer speculation to satisfy its burden of showing the amount in controversy. *See Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150, 154 (D.D.C. 2007).").

### III.   Plaintiff Is Entitled to Its Fees and Costs Associated With This Remand.

Plaintiff Toxin Free USA requests to recoup its just costs and actual expenses, including attorneys' fees, associated with returning this case to the District of Columbia Superior Court, on the basis that Defendants lacked an objectively reasonable basis for removal and refused to consent to remand even after being informed by Plaintiff of this Court's prior rulings rejecting Defendants' arguments. *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Stein v. Am. Express Travel Related Servs.*, 813 F. Supp. 2d 69, 74 (D.D.C. 2011) (Kessler, J.). Plaintiff is an IRS Code § 501(c)(3)-exempt, D.C. Code § 28-3901(a)(15) public-interest organization seeking no monetary relief, only an end to misleading conduct directed at D.C. consumers. Defendants have removed a straightforward consumer-deception claim from Plaintiff's chosen forum, D.C. Superior Court, which has the most experience handling CPPA actions. Defendants' unfounded removal has (1) forced expense upon Plaintiff, and (2) delayed an action that aims to end ongoing conduct. Plaintiff asks the Court, in deciding whether Defendants had an objectively reasonable basis for removal, to consider the following:

- Defendants have removed on the basis of aggregated relief exceeding $75,000, with ***no*** reference to 12 years of uncontroverted precedent from this District holding that such relief may ***not*** be aggregated;

- Even to establish the jurisdictional threshold on an impermissible aggregated basis, Defendants produce virtually no evidence, and instead speculate on the cost of relief not sought in the Complaint; and

- When they rely on a request for attorneys' fees to establish the jurisdictional threshold, Defendants again fail to cite directly applicable precedent from this District or to provide any evidence.

Because there was no objectively reasonable basis for removal of this private-attorney-general action, Plaintiff requests recovery of its costs associated with seeking remand of its CPPA claim to the Superior Court, according to the precedent of this District. *See e.g.*, *Burton v. Coburn*, No. 04-965 (RBW), 2005 U.S. Dist. LEXIS 4243, at *6-7 (D.D.C. Mar. 16, 2005) ("Here, the defendant's arguments for removal—that complete diversity exists—defies firmly established principles of law. . . . It is difficult for this Court to fathom that the defendants could have in good faith misconstrued the law in this area."); *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 181 (D.D.C. 2003) (Urbina, J.) ("Courts uniformly have held that a relevant factor for imposing costs and expenses is whether the removing party contradicts well-settled law in attempting to remove the case to federal court. Indeed, if non-removability is obvious or contrary to well-settled law, courts regularly impose costs and expenses incurred as a result of the removal.").

Plaintiff recognizes that this Court has previously denied requests for attorneys' fees in similar circumstances, on the basis that there is no "controlling case law from the D.C. Circuit" on the issue. *J.M. Smucker Co.*, 507 F. Supp. 3d at 47. But Plaintiff urges the Court to consider that Defendants are aware in this instance that "non-removability is obvious," *Gen. Mills Inc.*, 680 F. Supp. 2d at 141, having been made aware of not only the overwhelming weight of precedent in this District, but of ***this*** Court's unequivocal endorsement of that precedent. *See supra* Introduction. Having been made aware of the obvious non-removability of this action, Defendants could have saved the parties and the Court unnecessary expenditure of time and resources by consenting to remand, but chose not to do so.

Removing CPPA cases of this kind, despite the certainty of the cases being remanded, has become a favorite delay tactic of defendants—including of Defendants' counsel in this case, who

13

recently tried the same arguments unsuccessfully in *BlueTriton*. 2022 U.S. Dist. LEXIS 15168. Until consequences for this misuse of the judicial process are imposed, defendants will continue to burden parties and the Court with unnecessary motion practice on settled issues.

## CONCLUSION

For all the foregoing reasons, Plaintiff requests an order remanding this action to the Superior Court of the District of Columbia and awarding its costs and expenses associated with seeking remand.

DATED: May 18, 2022                                          Respectfully submitted,

*/s/ Kim E. Richman*
Kim E. Richman
**RICHMAN LAW & POLICY**
1 Bridge Street, Suite 83
Irvington, NY 10533
Telephone: (914) 693-2018
krichman@richmanlawpolicy.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Kim E. Richman, hereby certify that on May 18, 2022, I caused a true and correct copy of the foregoing document to be served on counsel of record for Defendants in the above-captioned Action via ECF:

Kelly M. Morrison
**JENNER & BLOCK LLP**
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
Telephone: (202) 639-6031
kmorrison@jenner.com

*Attorney for Defendants*

                                                                          */s/Kim E. Richman*
                                                                          Kim E. Richman