UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GMO FREE USA d/b/a TOXIN FREE USA,

*Plaintiff*,

v.

BURT'S BEES, INC., *et al.*,

*Defendants.*

No. 22-cv-01277 (DLF)

## ORDER

In this action, plaintiff Toxin Fee USA brings suit under the District of Columbia's Consumer Protection Procedures Act (CPPA) against Burt's Bees, Inc. and the Clorox Company. Compl. ¶¶ 84–90, Dkt. 1-1. It brings its claims as a "public-interest organization . . . on behalf of the general public of District consumers," pursuant to D.C. Code § 28-3905(k)(1)(D)(i), *id.* ¶ 85, and as a non-profit organization "in its individual and representative capacities," pursuant to D.C. Code § 28-3905(k)(1)(C), *id.* Toxin Free alleges that the defendants have violated the CPPA by "falsely and deceptively represent[ing] that [their] [p]roducts are natural and environmentally responsible." *Id.* ¶ 89. It seeks only injunctive and declaratory relief, not damages. *Id.* at 20–21. The defendants removed the case from the Superior Court of the District of Columbia to this Court.

Before the Court is Toxin Free's Motion to Remand and for Fees and Costs, Dkt. 8. For the reasons that follow, the Court will grant the motion to remand but will decline to award fees and costs.

The defendants have failed to show that this Court has jurisdiction over this civil action. "When the plaintiff makes a motion to remand, the defendant bears the burden of proving federal jurisdiction." *Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012). The defendants have not established that diversity jurisdiction exists because they have not shown that the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a).

As every court in this District to consider the issue has held, in CPPA actions like this one "the cost of the injunction [to the defendants] must be divided pro rata among District of Columbia consumers." *Rasay v. Pepperidge Farm, Inc.*, No. 22-cv-449, 2022 WL 4300061, at *7 (D.D.C. Sept. 19, 2022) (quoting *Earth Island Inst. v. BlueTriton Brands*, 583 F. Supp. 3d 105, 109 (D.D.C. 2022) (collecting cases)). As this Court has previously explained, "allowing defendants to rely on the total cost of compliance would violate the nonaggregation principle." *Toxin Free USA v. J.M. Smucker Co.*, 507 F. Supp. 3d 40, 46 (D.D.C. 2020). The nonaggregation principle applies even where there is only one organizational plaintiff, *see* Def.'s Opp. at 12–14, Dkt. 13. *Earth Island Inst. v. Coca-Cola Co.*, No. 21-1926, 2022 WL 872605, at *3 (D.D.C. Mar. 24, 2022) (noting that "[j]udges in this [D]istrict . . . have uniformly and persuasively debunked" the argument that the amount in controversy should be apportioned by the number of plaintiffs (citation and internal quotation marks omitted)). In addition, the "common and undivided interest" exception to the nonaggregation principle, *see* Def.'s Opp. at 18–21, does not apply here because Toxin Free "does not seek any integrated claim for relief . . . that would hold [the] defendants generally liable for a fixed amount in which the members of the general public in Washington, D.C. would have a common and undivided interest." *J.M. Smucker*, 507 F. Supp. 3d at 46; *see also BlueTriton*, 583 F. Supp. 3d at 111. Nor does this Circuit's precedent, *see* Def.'s Opp. at 14–18, create an exception to the nonaggregation principle where, as here, the cost of compliance does not depend on the

number of consumers affected.  *See J.M. Smucker*, 507 F. Supp. 3d at 46 (explaining that "courts in this jurisdiction have repeatedly rejected this argument" because "each member of the general public on whose behalf Toxin Free seeks injunctive relief could pursue a claim against the defendants").  Thus, the nonaggregation principle applies, and the cost of compliance must be divided among D.C. consumers for purposes of the amount-in-controversy requirement.

Here, the defendants have not shown that, if divided among D.C. consumers, the cost of complying with Toxin Free's requested injunctive relief would exceed $75,000.  They argue that the aggregate cost of complying with Toxin Free's equested relief would be approximately $600,000, but make no effort to explain how that would exceed $75,000 per consumer when apportioned.  *See* Ex. H at 2, Dkt. 1-8; Def.'s Opp. at 8–10.

Nor have the defendants made any showing "that the pro rata amount of attorneys' fees that would be attributable to [Toxin Free] as a member of the general public would exceed $75,000."[1]  *BlueTriton*, 583 F. Supp. 3d at 112.  The same nonaggregation principle applies to attorneys' fees in CPPA cases brought on behalf of the general public.  *See Animal Legal Def. Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 62 (D.D.C. 2017) (listing cases).  And even if the nonaggregation principle does not apply, the defendants would not satisfy the amount-in-controversy requirement because their attorneys' fees showings are too speculative.  "Numerous courts have rejected similar attempts to create federal jurisdiction through speculative assertions as to the potential for an award of attorneys' fees." *Animal Legal*, 249 F. Supp. 3d at 62–63; *see also Beyond Pesticides v. Exxon Mobil Corp.*, No. 20-cv-1815, 2021 WL 1092167, at *2 n.1 (D.D.C. Mar. 22, 2021).  Simply listing previous fee awards and billing rates from 2017 for the

---

[1] Because it finds that the defendants have not established the requisite amount in controversy even if attorneys' fees were included, the Court need not consider whether attorneys' fees should be considered $0 for jurisdictional purposes.  *See* Pl.'s Reply at 11–12, Dkt. 16.

plaintiff's counsel is not enough to establish the amount in controversy. *See* Def.'s Opp. at 24–25.

Finally, the Court will not grant Toxin Free costs associated with removal and remand. *See* Pl.'s Mot. at 12–14, Dkt. 8-1. "Absent unusual circumstances," such an award may be made "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "The defendants' arguments regarding removability are not objectively unreasonable because there is no clear, controlling case law from the D.C. Circuit." *Toxin Free*, 507 F. Supp. 3d at 47 (citation and internal quotation marks omitted); *see also Coca-Cola*, 2022 WL 872605, at *6. An award of fees to Toxin Free is therefore not warranted.

Accordingly, it is

**ORDERED** that Toxin Free's Motion to Remand and for Fees and Costs, Dkt. 8, is **GRANTED IN PART and DENIED IN PART**. The Clerk of Court is directed to remand this case to the Superior Court of the District of Columbia.

                                                  DABNEY L. FRIEDRICH

November 15, 2022                                   United States District Judge